UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

--------------------------------------------------------X

Jason Ramdial, Denise Ramdial, Jeshua Ramdial,
Elianna Ramdial, and Elisha Ramdial,

                    Plaintiffs,

    -against-

Lee Bowes, Alejandro N. Mayorkas,
Merrick B. Garland, and Christopher A. Wray,[*]

                Defendants.

--------------------------------------------------------X

**MEMORANDUM & ORDER**
20-CV-05599 (DG) (CLP)

DIANE GUJARATI, United States District Judge:

      On November 17, 2020, Plaintiffs filed the Complaint in this action seeking relief

pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq.*; the mandamus

statute, 28 U.S.C. § 1361; and the Declaratory Judgment Act ("DJA"), 28 U.S.C. § 2201.  *See*

Compl. ¶ 13, ECF No. 1.  In substance, Plaintiffs challenge the denial by United States

Citizenship and Immigration Services ("USCIS") of Plaintiffs' Applications to Register

Permanent Residence or Adjust Status ("Form I-485") and their Motions to Reopen/Reconsider

("Form I-290B"), and ask this Court to deem USCIS's decisions arbitrary and capricious, an

abuse of discretion, or otherwise not in accordance with law.  *See, e.g.*, *id.* ¶¶ 1, 28, 30, 33-34.

---

[*] The Clerk of Court is respectfully directed to amend the caption as set forth above.  Pursuant to Federal Rule of Civil Procedure 25(d), Merrick B. Garland, United States Attorney General, is automatically substituted for former United States Attorney General William Barr, and Alejandro N. Mayorkas, United States Secretary of Homeland Security, is automatically substituted for former Acting United States Secretary of Homeland Security Chad Wolf and Former Senior Official Performing the Duties of the United States Deputy Secretary of Homeland Security Kenneth T. Cuccinelli.

On February 15, 2021, after a briefing schedule had been set but before Defendants'
motion to dismiss was due, the parties filed a joint motion and stipulation to transfer this action
to the United States District Court for the Middle District of Florida pursuant to 28 U.S.C.
§ 1406(a) ("Section 1406(a)").  Transfer Motion, ECF No. 11.

For the reasons set forth below, the Court finds that it lacks subject matter jurisdiction
over this action; that, as a result, the Transfer Motion must be denied; that it would not serve the
interest of justice to transfer this case pursuant to 28 U.S.C. § 1631 ("Section 1631"); and that
the Complaint must be dismissed.

## BACKGROUND

On January 18, 2021, in anticipation of moving to dismiss the Complaint under Federal
Rules of Civil Procedure 12(b)(1), (3), and (6), Defendants filed a Motion for a Pre-Motion
Conference.  ECF No. 10.  In their Motion, Defendants explained that, on January 13, 2021 –
approximately two months after Plaintiffs filed their Complaint – the United States Department
of Homeland Security issued Notices to Appear in Removal Proceedings to Plaintiffs, *id.* at 1,
and Defendants argued, *inter alia*, that this Court lacks subject matter jurisdiction as a result, *see
id.* at 1-2; *see also* ECF No. 13 at 1-3.  Plaintiffs did not oppose the Motion for a Pre-Motion
Conference, and, on February 2, 2021, the Court set a briefing schedule under which Defendants'
motion to dismiss would be due March 2, 2021.

On February 15, 2021, however, the parties filed the Transfer Motion.  ECF No. 11.  In
an Order dated February 17, 2021, the Court directed Plaintiffs to respond to Defendants'
assertion regarding subject matter jurisdiction or otherwise dismiss the case by February 24,

2021.[1]  On February 24, 2021, Plaintiffs filed their response.  ECF No. 12.  Although Plaintiffs

acknowledged that Notices to Appear had been issued, they argued that this Court nonetheless

retains subject matter jurisdiction.  *See id.* at 1-2.  Defendants filed a reply on March 3, 2021,

reiterating their position that this Court lacks subject matter jurisdiction and that the Complaint

should therefore be dismissed.  ECF No. 13 at 1-3.

On March 5, 2021, the Court informed the parties that it would decide the issue of subject

matter jurisdiction based on the parties' submissions.  The Court afforded the parties the

opportunity to supplement their submissions by March 15, 2021.  Neither party did so.

## DISCUSSION

## I.      The Court Lacks Subject Matter Jurisdiction

### A.      Applicable Law

"[F]ederal courts are courts of limited jurisdiction and may not decide cases over which

they lack subject matter jurisdiction.  Unlike failure of personal jurisdiction, failure of subject

matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua*

*sponte.*"  *Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 700 (2d Cir. 2000).

"[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss

the complaint in its entirety."  *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (citation

omitted); *see also* Fed. R. Civ. P. 12(h)(3).

In certain circumstances, a party's failure to exhaust administrative remedies deprives

federal courts of subject matter jurisdiction.  "Under the doctrine of exhaustion of remedies, a

---

[1]  In that Order, the Court referenced *Lindstrom v. Transervice Logistics, Inc.,* No. 17-CV-6988, 2018 WL 1121598, at *1 (E.D.N.Y. Feb. 27, 2018), where, in response to an order to show cause why the case should not be dismissed for lack of subject matter jurisdiction, plaintiffs instead requested a venue transfer and where the court thereafter denied the request and dismissed the case.

party may not seek federal judicial review of an adverse administrative determination until she has first sought all possible relief within the agency itself." *Blaszczyk v. U.S. Dep't of Homeland Sec.*, No. 09-CV-5212, 2010 WL 1038690, at *2 (E.D.N.Y. Mar. 21, 2010) (citing *Beharry v. Ashcroft*, 329 F.3d 51, 56 (2d Cir. 2003)).  When exhaustion is required but absent, a "court lacks subject matter jurisdiction over th[e] action unless [the] [p]laintiff demonstrates that an established exception to that requirement applies." *Islam v. Barr*, 394 F. Supp. 3d 279, 285 (E.D.N.Y. 2019) (citing *Howell v. I.N.S.*, 72 F.3d 288, 292-94 (2d Cir. 1995)).  "Exhaustion of administrative remedies may not be required when: (1) available remedies provide no genuine opportunity for adequate relief; (2) irreparable injury may occur without immediate judicial relief; (3) administrative appeal would be futile; and (4) in certain instances a plaintiff has raised a substantial constitutional question." *Howell*, 72 F.3d at 291 (quoting *Guitard v. U.S. Sec'y of Navy*, 967 F.2d 737, 741 (2d Cir. 1992)).

"The requirement of exhaustion 'may arise from explicit statutory language or from an administrative scheme providing for agency relief.'" *Id.* (quoting *Kennedy v. Empire Blue Cross & Blue Shield,* 989 F.2d 588, 592 (2d Cir. 1993)).  In *Howell*, the United States Court of Appeals for the Second Circuit determined that the latter was the case where a plaintiff was seeking district court review of the United States Immigration and Naturalization Service's denial of an application for adjustment of status, noting: "th[e] exhaustion requirement arises as a result of the administrative remedies available to [applicants] pursuant to the statutory and regulatory schemes involving adjustment of status." *Id.* at 293 (citation omitted).  Specifically, applicants "ha[ve] the opportunity, pursuant to the regulations, to renew [their] application for adjustment of status before an immigration judge." *Id.*; *see also* 8 C.F.R. § 245.2(a)(5)(ii) (stating that an

4

applicant for adjustment of status "retains the right to renew his or her application in [removal] proceedings").

In *Howell*, the court held that "the district court lacked jurisdiction" to review the denial of the plaintiff's "application for adjustment of status once deportation proceedings commenced, because [the plaintiff] failed to exhaust her administrative remedies" and no exception applied. 72 F.3d at 293. *Howell*'s holding has since been reiterated in several decisions in this District. *See, e.g.*, *Islam*, 394 F. Supp. 3d at 285 ("[E]xhaustion is required [under the APA] once deportation proceedings have commenced against a plaintiff whose status adjustment application has been denied." (citing *Howell*, 72 F.3d at 293)); *Mahon v. Johnson*, 321 F. Supp. 3d 320, 324-25 (E.D.N.Y. 2018); *Blaszczyk*, 2010 WL 1038690, at *2-3. *Howell*'s exhaustion requirement has also been held to apply where, as here, removal proceedings commence after a plaintiff files his or her complaint. *See Islam*, 394 F. Supp. 3d at 285 (collecting cases).

**B.    The Court Lacks Subject Matter Jurisdiction Over Plaintiffs' Administrative Procedure Act Claim**

In light of the above principles, Plaintiffs have failed to show that subject matter jurisdiction exists. Defendants contend that this case is governed by *Howell* given that Plaintiffs' adjustment applications were denied, Plaintiffs are now in removal proceedings, and Plaintiffs will have an opportunity to renew their adjustment applications before an immigration judge (and then, if need be, appeal the immigration judge's decision to the Board of Immigration Appeals and the Second Circuit). *See* ECF No. 13 at 1-2. Defendants further argue that the fact that removal proceedings began after Plaintiffs filed their Complaint does not preclude a finding of lack of subject matter jurisdiction, *see id.* at 3, and that pertinent regulations divest this Court and USCIS of jurisdiction in any event, *id.* at 2 (citing 8 C.F.R. §§ 245.2, 1245.2).

The Court agrees that it lacks subject matter jurisdiction and finds Plaintiffs' arguments to the contrary unavailing. Although Plaintiffs note that "the instant matter was filed earlier in time than the Notices to Appear were issued," ECF No. 12 at 1, they do not contest that removal proceedings have been initiated or that they will be able to renew their applications in immigration court, *id.* at 1-2.[2] Nor do they address cases finding that exhaustion is required even if removal proceedings commence after the filing of a complaint. Instead, Plaintiffs propose a way that USCIS might review Plaintiffs' applications while removal proceedings are ongoing. *See* ECF No. 12 at 1. However, as Defendants point out, *see* ECF No. 13 at 2-3 (citing 8 C.F.R. §§ 245.2, 1245.2), Plaintiffs do not cite any statute or regulation authorizing USCIS to follow Plaintiffs' proposed procedure and do not distinguish regulations indicating that USCIS cannot do so, *see* ECF No. 12 at 1-2. Plaintiffs also do not explain how such a procedure, even if it were possible, would free them from the exhaustion requirement. *See* ECF No. 10 at 1-2; ECF No. 13 at 1-2.

At bottom, Plaintiffs ask this Court to review USCIS's denial of Plaintiffs' applications for adjustment of status, the basis of which Plaintiffs allege was that "Mr. Ramdial's R-1 non-immigrant visa and authorization to work had ended . . . and that no extension for the R-1 status had been granted nor was any approval given for a Form I-765 (Work Authorization)," Compl.

---

[2] "It is . . . well established that when the question is subject matter jurisdiction, the court is permitted to rely on information beyond the face of the complaint." *St. Paul Fire & Marine Ins. Co. v. Universal Builders Supply*, 409 F.3d 73, 80 (2d Cir. 2005) (citations omitted); *see also Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014) ("[W]here jurisdictional facts are placed in dispute, the court has the power and obligation to decide issues of fact by reference to evidence outside the pleadings, such as affidavits." (quoting *APWU v. Potter*, 343 F.3d 619, 627 (2d Cir. 2003))). Here, the only jurisdictional fact – albeit a crucial one – drawn from outside Plaintiffs' Complaint is the fact that Notices to Appear have been issued, *see* ECF No. 10 at 1, which Plaintiffs acknowledge, *see* ECF No. 12 at 1.

¶ 18, and to review USCIS's denial of Plaintiffs' I-290B Motions, *id.* ¶ 26.  Regardless of the basis for USCIS's decisions, however, in light of the commencement of removal proceedings and Plaintiffs' consequent ability to renew their adjustment applications in immigration court, Plaintiffs have not exhausted their administrative remedies, and, as a result, this Court does not have subject matter jurisdiction.  *See Mahon*, 321 F. Supp. 3d at 324-25.[3]

The Court concludes that it lacks subject matter jurisdiction over Plaintiffs' APA claim.

## C.    Neither the Mandamus Statute nor the Declaratory Judgment Act Confers Jurisdiction Over this Action

The absence of exhaustion also precludes the Court from finding that subject matter jurisdiction exists pursuant to the mandamus statute.  The mandamus statute, 28 U.S.C. § 1361, provides that "district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  For mandamus relief to issue, a party must establish, *inter alia*, that "no other adequate remedy [is] available."  *Benzman v. Whitman*, 523 F.3d 119, 133 (2d Cir. 2008) (citing *Anderson v. Bowen*, 881 F.2d 1, 5 (2d Cir. 1989)).  As set forth above, Plaintiffs have another adequate remedy.  *See Abbey v. Sullivan*, 978 F.2d 37, 47 (2d Cir. 1992) ("Our holding that the plaintiffs must exhaust their administrative remedies also disposes of plaintiffs' alternative argument for mandamus relief because one of the requisites for obtaining a writ of mandamus is that the plaintiff have exhausted all other adequate remedies."); *see also Women's Equity Action League v. Cavazos*, 906 F.2d 742, 752 (D.C. Cir. 1990) ("[A]

---

[3] Plaintiffs do not contend that an exhaustion exception applies, and none does.  Plaintiffs have a genuine opportunity for adequate relief in removal proceedings, Plaintiffs have not alleged irreparable injury in the absence of immediate judicial relief, administrative appeal would not be futile insofar as an immigration judge can grant Plaintiffs' applications, and Plaintiffs have not raised a constitutional question.  *See Howell*, 72 F.3d at 291.

determination that an APA action is barred by another remedy . . . demands the further conclusion that mandamus is not available.") (citation omitted); *cf. Kyung Sook Oh v. Keisler*, No. 08-CV-3204, 2009 WL 3711540, at \*4 & n.5 (E.D.N.Y. Oct. 8, 2009) (granting motion to dismiss where "plaintiff . . . clearly failed to exhaust other available avenues of relief within USCIS, foreclosing jurisdiction under the mandamus statute"). As such, the mandamus statute does not provide a basis for subject matter jurisdiction here.

Finally, the Declaratory Judgment Act, 28 U.S.C. § 2201, "is not an appropriate jurisdictional basis because DJA actions require an independent basis for jurisdiction." *Kyung Sook Oh*, 2009 WL 3711540, at \*3 (citing 28 U.S.C. § 2201(a)); *accord Correspondent Servs. Corp. v. First Equities Corp. of Fla.*, 442 F.3d 767, 769 (2d Cir. 2006) ("[T]he Declaratory Judgment Act does not by itself confer subject matter jurisdiction on the federal courts.").

## II.     Transfer is Not Permitted Under Section 1406(a)

Given that this Court lacks subject matter jurisdiction over the action because of Plaintiffs' failure to exhaust their administrative remedies, the Court cannot transfer the action pursuant to Section 1406(a). *See, e.g.*, *Lindstrom*, 2018 WL 1121598, at \*1 ("[A] court may not issue a transfer order if it lacks subject-matter jurisdiction over the action.") (citation omitted); *Okereke v. Allen*, No. 14-CV-3368, 2015 WL 5508888, at \*3 (S.D.N.Y. July 29, 2015) ("[I]n order to transfer a case pursuant to § 1406(a), a court must also have subject matter jurisdiction over an action." (quoting *Thomas v. Exxon Mobil Oil Corp.,* No. 06-CV-144, 2007 WL 489225, at \*6 n.10 (N.D. Ind. Feb. 8, 2007))), *R. & R. adopted,* No. 14-CV-3368, 2015 WL 5547388 (S.D.N.Y. Sept. 17, 2015); *see also* 14D, Charles Allen Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3827 (4th ed. 2020) ("A district judge may not order transfer under Section 1406(a) unless the court has jurisdiction of the subject matter of the action . . . ."); *Corke*

*v. Sameiet M. S. Song of Norway*, 572 F.2d 77, 79 n.6 (2d Cir. 1978) (noting that cases have

found a "lack of subject matter jurisdiction in the transferor court to be fatal" to a Section

1406(a) transfer).  This is so even though the parties have consented to transfer, because litigants

"cannot consent to the improper exercise of subject matter jurisdiction by a federal court."  *Ruiz*

*v. Mukasey*, 552 F.3d 269, 274 n.1 (2d Cir. 2009) (citation omitted); *United Food & Com.*

*Workers Union, Loc. 919, AFL-CIO v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298,

303 (2d Cir. 1994) ("Litigants . . . cannot waive subject matter jurisdiction by express consent,

conduct, or estoppel . . . ." (citing *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*,

456 U.S. 694, 702 (1982))).

### III.    Transfer Would Not Serve the Interest of Justice and Therefore is not Warranted Under 28 U.S.C. § 1631

Although 28 U.S.C. § 1631 *does* allow a court to transfer a case when subject matter

jurisdiction is lacking – and a court "may order a transfer of venue under § 1631 *sua sponte*,"

*Moscato v. MDM Grp., Inc.*, No. 05-CV-10313, 2008 WL 2971674, at *5 (S.D.N.Y. July 31,

2008) – the Court declines to transfer this action pursuant to Section 1631.  Under Section 1631,

a court is "required to transfer a case to another court when: (1) [it] lack[s] jurisdiction over the

case; (2) the transferee court would have possessed jurisdiction over the case at the time it was

filed; and (3) transfer would be in the interest of justice."  *Ruiz*, 552 F.3d at 273.

Here, the first requirement of Section 1631 is met.  Even assuming the second is as well,

*see* ECF No. 10 at 1-2, the third is not.  "When considering whether a transfer would serve the

interest of justice, [a court] must weigh 'the equities of dismissing a claim when it could be

transferred.' . . . 'Factors militating for a transfer include a finding that a new action filed by the

litigant would be barred as untimely, and a finding that the original action was filed in good

faith.'"  *Ruiz*, 552 F.3d at 276 (quoting *Liriano v. United States,* 95 F.3d 119, 122 (2d Cir.

1996)).  Notwithstanding the apparent good faith filing of the Complaint, the equities of dismissing this case outweigh the equities of transferring it, given that the transferee court would also lack subject matter jurisdiction.  *See, e.g.*, *Jiang Xue Qiang v. I.N.S.*, No. 05-CV-1878, 2006 WL 1026710, at *2 (E.D.N.Y. Apr. 12, 2006) (declining to transfer a case pursuant to Section 1631 where "such a transfer would be futile").  Accordingly, the Court declines to transfer the case pursuant to Section 1631.

## IV.     The Complaint Must be Dismissed

Finding no basis to transfer this action, and lacking subject matter jurisdiction over it, the Court must dismiss the Complaint.  *Arbaugh*, 546 U.S. at 514; *see also* Fed. R. Civ. P. 12(h)(3).

CONCLUSION

For the reasons set forth above, the Transfer Motion, ECF No. 11, is DENIED and the Complaint, ECF No. 1, is DISMISSED.

The Clerk of Court is directed to close this case.

SO ORDERED.

                                        */s/ Diane Gujarati*_____ _
                                        DIANE GUJARATI
                                        United States District Judge

Dated: March 30, 2021
         Brooklyn, New York